## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TRINITY CHEMICAL INDUSTRIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CV-0367-CVE-TLW** |
| | ) | |
| **CCP ENTERPRISES, LC,** | ) | |
| **WASHAKIE RENEWABLE ENERGY, LLC,** | ) | |
| **and UNITED FUEL SUPPLY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court are defendants' Opposed Motion to Answer Allegedly Out of Time and Brief in Support (Dkt. # 24) and defendants' Motion to Set Aside Clerk's Entry of Default (Dkt. # 28). Defendants CCP Enterprises, LC (CCP), Washakie Renewable Energy, LLC (WRE), and United Fuel Supply, LLC (UFS) ask the Court to set aside the Court Clerk's entry of default (Dkt. # 22), and they request leave to file an out-of-time answer to plaintiff's complaint.

On June 21, 2016, Trinity Chemical Industries, LLC (Trinity) filed this case alleging a breach of contract claim against CCP, a breach of guaranty claim against WRE, and a conversion claim against UFS. Trinity leased railcars to CCP and WRE executed a guaranty in the event that CCP breached the parties' contract. Dkt. # 2, at 2. Trinity alleges that CCP has breached the contract and that CCP owes Trinity $1,080,500 in rent and other expenses, and Trinity seeks to enforce the guaranty executed by WRE. Id. at 5-6 Trinity also alleges that UFS is currently in possession of 31 railcars owned by Trinity. Id. at 7. On September 6, 2016, the Court entered an order to show cause directing Trinity to show that defendants had been properly served. Dkt. # 12. Trinity responded that it had encountered difficulties serving defendants by mail, but general counsel

for defendants, Jason Foulger, had agreed to execute waivers of service for each defendant. Dkt. # 13, at 3. Waivers of service for each defendant were filed, and defendants' answers were due no later than October 28, 2016.

Defendants did not file an answer by that date and, on October 31, 2016, Trinity filed a motion for entry of default by the Court Clerk. Dkt. # 21. The motion for entry of default was granted. Dkt. # 22. On November 3, 2016, defendants filed a motion (Dkt. # 24) seeking leave to file an answer out-of-time, and they subsequently filed a motion (Dkt. # 28) to set aside the Court Clerk's entry of default. Foulger states that he spoke to a representative of Trinity before the case was filed and explained that defendants were in the process of selling assets to pay their outstanding liabilities. Dkt. # 25, at 1. In the interim, defendants agreed to pay Trinity $5,000 per month and he later agreed to execute waivers of service on behalf of defendants. Id. at 2. However, Foulger believed that he had an understanding with Trinity's attorney, Bradley Brown, that it was unnecessary for defendants to file an answer or retain local counsel, "because the parties were waiting on the sale of assets and if an answer were required sufficient time to retain local counsel and file an answer would be given." Id. Trinity responds that it agreed to a limited extension of defendants' time to answer because defendants were in the process of selling assets, but it did not agree to an open-ended extension of time for defendants to file answers. Dkt. # 26, at 2. Trinity claims that it agreed to extend defendants' deadline to file an answer to October 28, 2016, and it filed a motion for entry of default by the Court Clerk when this deadline expired. Dkt. # 26-1, at 2.

The Federal Rules of Civil Procedure authorize the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules. . . ." Fed. R. Civ. P. 55(a). The court may set aside the entry of default for "good

cause shown." Fed. R. Civ. P. 55(c).  The standard for setting aside entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."  Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).  "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" Pinson v. Equifax Credit Information Servs., Inc., 316 F. App'x 744 (10th Cir. Mar. 10, 2009) (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 183 (5th Cir. 1992)).[1]  Default judgments are not favored, as the preferred practice is to decide cases on their merits.  Katzson Bros., Inc. v. United States Environmental Protection Agency, 839 F.2d 1396, 1399 (10th Cir. 1988); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).  The defaulting party has the burden to prove that the entry of default should be set aside.  Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 943 (10th Cir. 1987).

Defendants ask the Court to set aside the Court Clerk's entry of default and allow defendants to file an answer, because it had a good faith belief that it was unnecessary for defendants to file an answer and Trinity will not be prejudiced if the entry of default is vacated.  Dkt. # 27, at 7.  The Court will initially consider whether plaintiff's motion for entry of default should have been granted. The docket sheet shows that Foulger executed waivers of service and that defendants' answers were due no later than October 28, 2016.  Dkt. ## 14, 15, 16.  Defendants did not file a motion for extension of time to answer and Trinity was permitted to move for entry of default as of October 29,

---

[1]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

2016.   Trinity's motion for the Court Clerk's entry of default was filed on October 31, 2016, and the motion was properly granted by the Court Clerk.  Dkt. ## 21, 22.

Defendants claim that the parties had an informal agreement that it was unnecessary defendants to file an answer until the sale of assets occurred, and they assert that they had a good faith belief that it was unnecessary for them to file an answer.  Dkt. # 24, at 3.  Trinity states that the waivers of service memorialized the parties' agreement to a limited extension of defendants' answer deadline, and it received no contact from defendants after September 13, 2016.  Dkt. # 26-1, at 2.  On October 31, 2016, Trinity's attorney e-mailed a copy of Trinity's motion for entry of defendants' default to Foulger.  Id.  Foulger immediately retained local counsel for defendants and a motion to file an answer out-of-time was filed on November 3, 2016.  Dkt. # 25, at 2.  Before filing a motion to file an answer out-of-time, local counsel contacted plaintiff's counsel in an attempt to resolve the matter but he did not receive a response from plaintiff's counsel.  Id.  The actions of defendants support their argument that they sincerely, even if mistakenly, believed that they had an agreement with plaintiff to defer the filing of an answer until the sale assets was completed.  Defendants acted promptly after plaintiff filed a motion for entry of default and they sought to file an answer to avoid any additional delay to plaintiff, and the minimal delay that would have been caused by allowing defendants to immediately file an answer would not have prejudiced plaintiff.

The Court finds that defendants have established good cause for setting aside the entry of default.  There is no evidence that defendants' failure to file an answer willful or was intended to delay the proceedings, and plaintiffs have not identified any prejudice that would result from setting aside the entry of default.  Plaintiff argues that defendants have no meritorious defense to plaintiff's claims.  Dkt. # 26, at 4.  However, the proposed answer submitted by defendants clearly denies

liability as to plaintiff's claims and also places into dispute the amount of damages recoverable by plaintiff.  Dkt. # 24-1.  There is strong preference for resolving cases on the merits and default judgments are not favored.  <u>Katzson Bros., Inc.</u>, 839 F.2d at 1399.  Defendants' motion to set aside the entry of default (Dkt. # 28) should be granted, and defendants should be permitted to file an answer.

  **IT IS THEREFORE ORDERED** that  defendants' Opposed Motion to Answer Allegedly Out of Time and Brief in Support (Dkt. # 24) and defendants' Motion to Set Aside Clerk's Entry of Default (Dkt. # 28) are **granted**.  The Court Clerk's entry of defendants' default (Dkt. # 22) is **vacated**.  Defendants are permitted to file answers no later than **January 25, 2017**.

  **DATED** this 18th day of January, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5