# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRINITY CHEMICAL INDUSTRIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-0367-CVE-tlw |
| | ) |
| CCP ENTERPRISES, LC, | ) |
| WASHAKIE RENEWABLE ENERGY, LLC, | ) |
| and UNITED FUEL SUPPLY, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Partial Summary Judgment against Defendant CCP Enterprises, LC, and Defendant Washakie Renewable Energy, LLC and Brief in Support (Dkt. # 44). Plaintiff Trinity Chemical Industries, LLC (Trinity) asks the Court to enter summary judgment as to its claims of breach of contract against CCP Enterprises, LC (CCP) and breach of guaranty against Washakie Renewable Energy, LLC (Washakie). CCP and Washakie do not dispute that they have breached written agreements concerning the lease of rail cars, but they argue that Trinity has not provided adequate evidence to support the entry of summary judgment as to damages.

### I.

On September 27, 2013, Trinity and CCP entered into a Master Railcar Services Agreement (the Agreement), which provided the general terms and conditions that would apply to CCP's lease of railcars from Trinity. Dkt. # 44-2, at 1-9. In a separate rider, CCP agreed to lease 10 railcars at a rate of $1,500 per month per railcar for a period of 3 years. Dkt. # 44-4. On the same day, Washakie executed a corporate guaranty, agreeing that Washakie would perform any obligations or

duties of CCP in the event that CCP failed to fully perform under the Agreement. Dkt. # 44-3, at 1-4. On November 26 and December 24, 2013, Trinity and CCP entered into two additional riders, under which CCP leased 22 more railcars from Trinity for a period of 5 years. Dkt. ## 44-5; Dkt. # 44-6. Both the Agreement and the guaranty state that the contracts shall be governed by Oklahoma law, and the parties agreed they would submit to the jurisdiction of the federal courts located in Oklahoma to resolve disputes arising under the Agreement and the guaranty. Dkt. # 44-2, at 8; Dkt. # 44-3, at 4.

CCP stopped making rental payments for the railcars in June 2014, and the last payment that Trinity received from CCP was made in May 2014. Dkt. # 44-1, at 3. From July 2014 to September 2015, United Fuel Supply (United) made monthly rental payments on behalf of CCP. Id. Washakie made rental payments on behalf of CCP from October 2015 to February 2016, and Washakie made partial rental payments for the months of July, September, and October 2016. Id. Under the Agreement, CCP is also obligated to pay cleaning and maintenance expenses, excess mileage charges, and in-service freight charges on the leased railcars. Dkt. # 44-2, at 3-4. CCP has not made these payments. Dkt. # 44-1, at 3-4. In addition, Trinity is seeking interest on any unpaid rent. Id. at 4. In November 2016, an employee of United, Elijah Kingston, contacted Trinity's attorney and asked to return all of the leased railcars to Trinity. Dkt. # 47-1, at 1. Kingston received an e-mail from Danny Kittinger, the chief financial officer of Trinity, stating that CCP was in default and owed Trinity over $1.2 million, but Kittinger's e-mail does not mention United's request to return the railcars to Trinity. Id. at 2.

On June 21, 2016, Trinity filed this case asserting a breach of contract claim against CCP, a breach of guaranty claim against Washakie, and a conversion claim against United. Dkt. # 2.

2

Defendants did not file an answer and the Court Clerk entered defendants' default. Dkt. ## 21, 22. Defendants filed a motion to set aside the entry of default and the Court granted defendants' motion. See Dkt. # 29. Defendants have filed an answer (Dkt. # 35) and the case is set for a non-jury trial on September 6, 2017. Trinity has filed a motion for summary judgment (Dkt. # 44) as to its breach of contract claim against CCP and its breach of guaranty claim against Washakie.[1] Trinity does not seek summary judgment on its conversion claim against United.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

---

[1] Defendants argue that the Court should deny Trinity's motion for summary judgment, because it is unclear what relief Trinity seeks and the motion does not conform with the Federal Rules of Civil Procedure. Dkt. # 47, at 4. The motion clearly sets out that Trinity is seeking summary judgment as to its breach of contract and breach of guaranty claims, and Trinity's arguments are supported by evidence. Defendants may dispute certain facts alleged by Trinity, but the motion clearly satisfies the requirements of Fed. R. Civ. P. 56.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**III.**

Trinity argues that it is entitled to summary judgment on its breach of contract and breach of guaranty claims, and it asks the Court to enter judgment in its favor in the amount of $843,154.99, plus contractual interest at the rate of 18% per annum. CCP and Washakie do not dispute that the Agreement or the guaranty are valid contracts or that they have breached those agreements, but they argue that there is a genuine dispute as to the amount of damages owed to Trinity.

The parties' written agreements state that Oklahoma law shall govern disputes arising out of the Agreement and the guaranty, and the Court will apply Oklahoma law to Trinity's claims. As a general matter, breach of contract is a "material failure of performance of a duty arising under or imposed by agreement." Milroy v. Allstate Ins. Co., 151 P.3d 922, 926 (Okla. Civ. App. 2006) (citations omitted). To prevail on a claim for breach of contract, a party must prove three elements:

4

(1) existence of a contract; (2) breach of that contract; (3) actual damages suffered as a result of the breach. Oltman Homes Inc. v. Mirkes, 190 P.3d 1182, 1186 (Okla. Civ. App. 2008). If the terms of the contract are "unambiguous, clear and consistent, they are to be accepted in their ordinary sense and enforced to carry out the expressed intention of the parties." Roads West, Inc. v. Austin, 91 P.3d 81, 88 (Okla. Civ. App. 2004). The interpretation of an unambiguous contract is a question of law for the courts. Ferrell Constr. Co., Inc. v. Russell Creek Coal Co., 645 P.2d 1005, 1007 (Okla. 1982). A party that prevails on a breach of contract claim is entitled to damages in an amount "which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." OKLA. STAT. tit. 23, § 21.

CCP does not contest that the Agreement is a valid and enforceable contract and that it has breached that contract, and Washakie does not dispute it is liable under the guaranty. Dkt. # 47, at 1-3. However, CCP and Washakie dispute that Trinity is entitled to damages in the amount sought in its motion for partial summary judgment. Id. at 4-5. CCP and Washakie argue that United offered to return the railcars to Trinity in November 2016 and that Trinity ignored this offer. Dkt. # 47, at 2. They argue that Trinity's damages would have been significantly reduced if it had accepted United's offer to return the railcars, and this shows that Trinity has failed to mitigate its damages. Trinity responds that the alleged offer to return the railcars to Trinity is "inconsequential," because defendants leased the railcars for 3 and 5 years respectively, and have produced no evidence that Trinity would be able to find another party to lease the railcars due to a declining marketplace for the lease of railcars. Dkt. # 51, at 4. The Court finds that CCP and Washakie have admitted liability as to Trinity's breach of contract and guaranty claims, but there is a genuine dispute as to

5

the amount of damages that Trinity is entitled to recover from CCP and Washakie. Under Oklahoma law, a party has a duty to make reasonable efforts to mitigate or lessen its damages. Coen v. SemGroup Energy Partners G.P., LLC, 310 P.3d 657, 668 (Okla. Civ. App. 2013). A reasonable factfinder could find that Trinity acted unreasonably by refusing to accept return of the railcars in November 2016. Trinity may attempt to rebut a defense of failure to mitigate by showing that it was unlikely to find a new customer to lease the railcars, but this is factual issue that cannot be resolved based on the evidence presented by the parties.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment against Defendant CCP Enterprises, LC, and Defendant Washakie Renewable Energy, LLC and Brief in Support (Dkt. # 44) is **granted in part** and **denied in part**: the motion is granted as to liability against CCP for breach of contract and Washakie for breach of guaranty, but the motion is denied as to damages.

**DATED** this 7th day of August, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE